NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2530
_____

IN RE: THOMAS TRAUMANN,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 2-18-cr-00564-001)
District Judge Honorable Gene E.K. Pratter

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 22, 2022

Before: MCKEE, GREENAWAY, JR., and PORTER, <u>Circuit Judges</u>

(Opinion filed October 18, 2022)
_____

OPINION[*]
_____

PER CURIAM

     Thomas Traumann has filed a petition for a writ of mandamus. For the reasons

that follow, we will deny the petition without prejudice.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In October 2020, Traumann pleaded guilty to traveling in interstate commerce with the intent to engage in illicit sexual conduct. He was subsequently sentenced to 99 months in prison. In April 2022, Traumann filed a document entitled "Omnibus Motion" in which he sought to have his criminal judgment voided. He then filed a supplement to that motion in July 2022. One month later, in August 2022, Traumann filed a mandamus petition requesting that we order the District Court to act on his motion.

A writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a District Court's delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Here, Traumann filed his omnibus motion in April 2022, and the District Court has not yet acted on it. The time that has passed since then does not rise to the level of a failure to exercise jurisdiction or an extraordinary circumstance. See id. (concluding that mandamus relief was not warranted in habeas case where petitioner's most recent filing had been pending before the district court for about nine months).

2

We are confident that the District Court will act on Traumann's omnibus motion within a reasonable time. Accordingly, we will deny the mandamus petition without prejudice to refiling if the District Court does not decide the motion within a reasonable time. To the extent that Traumann requests that we dismiss the indictment and order his release, the mandamus petition is denied with prejudice as there are alternate means of challenging a conviction and requesting release, i.e., a motion filed pursuant to 28 U.S.C. § 2255 and a motion for bail, and he has not shown a clear and indisputable right to either form of relief.